**In the United States District Court**
**for the Southern District of Georgia**
**Savannah Division**

THE UNITED STATES OF AMERICA,

    Plaintiff,

v.                                               CR 415-96

ZICRON LORENZEN WRIGHT,

    Defendant.

## ORDER

Presently before the Court is Defendant Zicron Wright's Motion to Dismiss. Dkt. No. 28. On November 12, 2015, Defendant filed a pro se Motion to Dismiss, even though he is represented by counsel. Id. In that Motion, Defendant alleges that there were violations of his rights both during the grand jury proceedings and otherwise. Id. Defendant alleges that: the Grand Jury transcript at one point references a charge for an individual named "Zicron Wilson"; the prosecutor presented misleading evidence and a biased witness; and his right to a speedy trial has been violated. Id. Defendant also requests a hearing on these issues. Id. at p. 3. The Court **DENIES** Defendant's Motion to Dismiss (Dkt. No. 28).

As an initial matter, Local Criminal Rule 44.2 prohibits "a defendant represented by counsel" from filing "a motion, brief, or other paper *pro se*, except for a motion for the appointment of new counsel or a motion to proceed *pro se*." LCrR 44.2, SDGa. Nothing in Defendant's Motion can be construed as either a request for new counsel or a Motion to proceed pro se. It is improper for Defendant to file *pro se* motions when he is represented by counsel. See Cross v. U.S., 893 F.2d 1287, 1291-92 (11th Cir. 1990) ("[A]n individual does not have a right to hybrid representation.").

Even if the Court were to consider the merits of the Motion, it has no merit and must be denied. Grand Jury proceedings are entitled to a presumption of regularity. U.S. v. Molinares, 700 F.2d 647, 651 (11th Cir. 1983). This Court notes that "the dismissal of an indictment for prosecutorial misconduct is an extreme sanction which should be infrequently utilized." U.S. v. Pendleton, 447 F. App'x 978, 980 (11th Cir. 2011). Defendant's Motion falls woefully shy of any required showing of irregularity or prejudice justifying dismissal.

Defendant's speedy trial complaint lacks merit as well. Numerous pretrial motions were filed and considered. The resulting delay in promptly disposing of those motions is properly excluded from the speedy trial calculation. 18 U.S.C. § 3161(h)(1)(D).

AO 72A
(Rev. 8/82)

## CONCLUSION

For the reasons set forth above, Defendant's Motion to Dismiss (Dkt. No. 28) is **DENIED**. Defendant's request for a hearing is hereby **DENIED AS MOOT**.

**SO ORDERED**, this 30TH day of November, 2015.

LISA GODBEY WOOD, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA