# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | |
|---|---|
| ZICRON LORENZEN WRIGHT, | ) |
| Movant, | ) |
| v. | ) CV421-297 |
| | ) CR415-096 |
| UNITED STATES OF AMERICA, | ) |
| Respondent. | ) |

# REPORT AND RECOMMENDATION

Zicron Lorenzen Wright was convicted of a single count of possession of ammunition by a convicted felon, as an armed career criminal, on April 19, 2016. Doc. 64 at 1 (Judgment).[1] He was sentenced to two hundred and forty months of incarceration and five years of supervised release. *Id.* at 2-3. He appealed his conviction. *See* doc. 66. On December 21, 2018, the Court of Appeals affirmed his conviction. *See* doc. 98. He filed a motion to vacate the judgment, pursuant to 28 U.S.C. § 2255, in April 2017. Doc. 88. That motion was dismissed without prejudice, on procedural grounds, on May 26, 2017. Doc. 93; *see also* doc.

---

[1] Unless otherwise noted, all citations are to the criminal docket in CR415-096.

90 (recommending dismissal for abandonment), *adopted* doc. 92. He has filed a new § 2255 motion seeking his "immediate release." Doc. 125 at 12. As explained below, preliminary review, pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings, shows that his motion should be **DENIED**. Doc. 125.

## ANALYSIS

Wright's Motion identifies two grounds for relief. First, he contends that this Court lacked jurisdiction over his criminal case. Specifically, he contends that, because a state court subsequently determined that the ammunition identified in the Indictment was seized in violation of the Fourth Amendment, "the indictment has no foundation and is defective," which "removes the Court[']s jurisdiction as the Petitioner [sic] is actual[l]y in[n]ocent without a valid charging instr[u]ment." Doc. 125 at 5. He also contends that his counsel provided ineffective assistance because he refused to file a motion to suppress the evidence, "failed to develop a trial strategy, [and] object to c[l]early prejudicial statements showing he was not conversant in sound legal knowledge and common practices." *Id*. at 3. Concerning the Motion's timeliness he states that it

was "[f]iled per the District[ Court's] 'order' doc[u]ment No. 124 filed 09/14/21." *Id.* at 10.

Wright's motion is untimely. A motion to vacate, set aside, or correct a sentence under 28 U.S.C. § 2255 must be filed within one-year of either:

> (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). Judgment was entered against defendant on April 20, 2016. Doc. 64 at 1. Because he filed a direct appeal, his one-year statute of limitations runs from ninety days after the Court of Appeals affirmed his sentence. *See Kaufmann v. United States*, 282 F.3d 1336, 1338 (11th Cir. 2002) ("[W]hen a prisoner does not petition [the United States Supreme Court] for certiorari, his conviction does not become 'final' for purposes of § 2255(1) until the expiration of the 90-day period for seeking certiorari."). The ninety-day period to seek certiorari starts

3

when the Court of Appeals issues its judgment.  U.S. Sup. Ct. R. 13; *see also Clay v. United States*, 537 U.S. 522, 524-25 (2003).  Here, the Eleventh Circuit affirmed Wright's conviction on December 21, 2018.  *See* doc. 98.  His conviction became final, therefore, ninety days later on March 21, 2019.  The deadline for filing his motion was one year later, on March 23, 2020.[2]  *See* 28 U.S.C. § 2255(f)(1).  Wright did not file his § 2255 motion until October 5, 2021,[3] more than eighteen months too late.  *See* doc. 125 at 12.  Charitably construing Wright's Motion, there are several possible arguments implicating timeliness.

First, the Motion expressly contends that it was filed pursuant to an Order by the District Court.  *See* doc. 125 at 10.  Despite Wright's reading, there is no basis in the District Judge's Order to find the instant Motion timely.  The Court's Order grants Wright's request to amend his Motion for Compassionate Release and denies the amended motion on

---

[2] March 21, 2020, fell on a Saturday, so by operation of Federal Rule of Civil Procedure 6(a)(1)(C), the deadline for Wright to file was extended until Monday, March 23, 2020.

[3] "Under the 'prison mailbox rule,' a *pro se* prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing." *Williams v. McNeil*, 557 F.3d 1287, 1290 n. 2 (11th Cir. 2009).  "Absent evidence to the contrary in the form of prison logs or other records, [courts] will assume that [a prisoner's filing] was delivered to prison authorities the day he signed it . . . ." *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001).

4

the same grounds as the original motion. *See* doc. 124 at 1-2. The Court only noted that a Motion for Compassionate Release was not a substitute for a § 2255 motion, and "[i]n the event Defendant is actually attempting to challenge his underlying conviction," directed the Clerk to provide him with a form to file such a motion. *Id.* at 2. There is nothing in the Court's Order that positively directs the filing of such a motion. *See generally id.* Nor is there any suggestion that the District Judge would regard such a motion as procedurally proper. *See generally id.* The Court can, therefore, discern no plausible basis in that Order to modify the application of § 2255(f)'s one-year statute of limitations.

The second contention that might implicate the time-bar is Wright's contention that he is "actually innocent." Doc. 125 at 5. "[A] showing of actual innocence provides an exception to the time-bar under AEDPA." *Mims v. United States*, 758 F. App'x 890, 892 (11th Cir. 2019) (citing *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013)). However, "tenable actual-innocence claims are rare[,]" and require a petitioner to satisfy "the threshold requirement . . . that, in light of . . . new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *McQuiggin*, 569 U.S. at 386. More succinctly,

5

"'actual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998). "It is the Movant's burden to demonstrate actual innocence." *Isley v. United States*, 2011 WL 6955882, at *5 (N.D. Ga. Sept. 22, 2011) (citing *United States v. Montano*, 398 F.3d 1276, 1285 (11th Cir. 2005)), *adopted* 2012 WL 28290 (N.D. Ga. Jan. 5, 2012).

Wright's contention that he is actually innocent depends upon his allegation of a state court's determination that the ammunition which formed the basis of his indictment and conviction was seized in violation of the Fourth Amendment. *See* doc. 125 at 5. He contends, without any explanation or argument, that such a determination renders his indictment in this Court defective, depriving it of "jurisdiction." *Id.* Even assuming that the subsequent determination had the jurisdictional significance that Wright asserts—and it is not at all clear that it does—lack of jurisdiction does not amount to "actual innocence," for purposes of avoiding § 2255(f)'s limitation. *See Williams v. United States,* 383 F. App'x 927, 929-30 (11th Cir. 2010) ("Nothing in the statutory language [of § 2255] suggests that jurisdictional challenges are exempt from the one-year limitations period that applies to 'a motion under this section.'"

(quoting 28 U.S.C. § 2255(f)); *see also, e.g., Porter v. United States*, 2018 WL 7458652, at *2 (11th Cir. Sept. 13, 2018) ("Section 2255 specifically contemplates motions made by prisoners alleging that the court lacked jurisdiction to render the judgment or to sentence the prisoner, and § 2255(f) provides no exception to the one-year time limitation period for such challenges."). *Cf. Burnside v. Lamanna*, 27 F. App'x 439, 440 (6th Cir. 2001) (a "claim regarding [a] technical defect in his indictment is . . . not a claim of actual innocence."). Wright's contention concerning the effect of the purported jurisdictional defect is, therefore, incorrect.[4]

There is another potential argument that the state court's determination affects the timeliness of Wright's Motion. The Court might charitably construe his Motion as arguing that the state court's

---

[4] The admissibility of evidence supporting an indictment is not, generally, a basis to challenge the indictment's sufficiency. *See, e.g., United States v. Calandra*, 414 U.S. 338, 345 (1974) ("[A]n indictment valid on its face is not subject to challenge on the ground that the grand jury acted on the basis of inadequate or incompetent evidence . . . ." (citations omitted)). Facially valid indictments "must contain the elements of the offense charged and fairly inform a defendant of the charge against which he must defend, and, second, enable him to plead an acquittal or conviction in bar of future prosecutions for the same offense." *United States v. Johnson*, 981 F.3d 1171, 1179 (11th Cir. 2020) (quoting *Hamling v. United States*, 418 U.S. 87, 117 (1974)) (internal quotation marks and alterations omitted)). Wright's contention that the inadmissibility of the Government's evidence would render the indictment "defective," is, therefore, dubious, at best. *See* doc. 125 at 5. Since, as explained above, even a defective indictment would not render the instant motion timely, the Court need not consider the merits of the alleged defect.

7

disposition of his suppression motion constitutes "new evidence," in support of an "actual innocence" claim. *See* doc. 125 at 5. However, the state court's determination—whatever its character[5]—is not "evidence," it is a legal conclusion. As such, allegations of Fourth Amendment violations have been recognized as insufficient to assert actual innocence. *See, e.g., Sugarman v. United States*, 2006 WL 1761452, at *5 (E.D. Cal. Jun. 27, 2006) ("Petitioner's claim in the instant motion that evidence was obtained in violation of the Fourth Amendment is not based on 'actual innocence' but, rather, 'mere legal insufficiency.'") *Cf. Reiss v. Pa. Atty. Gen.*, 2009 WL 529868, at *9 n. 10 (E.D. Pa. Mar. 2, 2009) ("Indeed, no legal argument concerning admissibility of evidence can support an

---

[5] Wright has attached documents to his Motion but has not expressly incorporated them into it or explained their significance. *See generally* doc. 125; doc. 125-1. The documents include several copies of a Savannah-Chatham Metropolitan Police report, dated October 29, 2014, concerning fingerprint testing of a firearm. *See* doc. 125-1 at 1, 7. The documents also include several copies of a transcript of a motion hearing in the Superior Court of Chatham County. *See id.* at 2-6, 8-12. The transcript bears the caption *State v. McKinney*, which Wright has identified as his alias. *Id.* at 2, 8. The transcript states that the hearing in question occurred on June 8, 2016. *Id.* The substance of the transcript concerning a potential Fourth Amendment violation is limited. The Assistant District Attorney concedes that "[t]he State does not disagree that the seizer [sic] of the weapon was improper." *Id.* at 3. The Court then "grant[s] the motion to suppress the firearm by a consent, almost a motion in limine sort of situation." *Id.* at 4. Even crediting Wright's implicit assertion that "McKinney" is his alias, the transcript does not reflect any conclusion by the state court that the "ammunition [at issue in this case] was . . . deemed . . . to have been illegally seized under the 4th and 11th Amendments." Doc. 125 at 5.

8

actual innocence claim."); *Benjamin v. Wynder*, 2008 WL 243685, at *2 (E.D. Pa. Jan. 25, 2008) ("Establishing that a conviction rests on improperly admitted evidence does not prove actual innocence . . . ."). The state court's determination, therefore, provides no support for Wright's contention of actual innocence.

To the extent that Wright claims that an underlying Fourth Amendment violation rendered his indictment defective and deprived the Court of jurisdiction, he has not established that defect renders him "actually innocent," to avoid § 2255(f)'s time bar. Moreover, even to the extent that he contends that the alleged state-court's suppression of evidence constitutes "new evidence," such a contention is meritless. He has, therefore, not borne his burden to establish his entitlement to an exception to the statute of limitations based on his actual innocence.

Although Wright does not explicitly argue that he is entitled to equitable tolling, beyond his assertion of actual innocence, the Court will consider whether any fact alleged in his Motion could support such a claim. In rare circumstances, the statute of limitations "can be equitably tolled where a petitioner untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even

with diligence," *Kicklighter v. United States*, 281 F. App'x 926, 930 (11th Cir. 2008) (quoting *Outler v. United States*, 485 F.3d 1273, 1280 (11th Cir. 2007)); *Outler*, 485 F.3d at 1280 ("Equitable tolling is an extraordinary remedy and is applied sparingly."). "The movant bears the burden of establishing his entitlement to equitable tolling." *Lanier v. United States*, 769 F. App'x 847, 850 (11th Cir. 2019) (citing *Outler*, 485 F.3d at 1280).

Wright alleges that his counsel provided ineffective assistance. *See* doc. 125 at 3. "The Eleventh Circuit has repeatedly held, however, that attorney negligence is not a basis for equitable tolling." *Coleman v. United States*, 2009 WL 3446373, at *1 (M.D. Ga. Oct. 21, 2008) (citing, inter alia, *Helton v. Sec'y for Dep't of Corr.*, 259 F.3d 1310, 1313 (11th Cir. 2001)); *see also United States v. Parra-Reyes*, 2020 WL 4282205 at *2 (S.D. Ga. July 27, 2020) (attorney "negligence or misconduct . . . do not warrant equitable tolling."); *United States v. Anderson*, 2017 WL

1755952, at *3 (S.D. Ala. Mar. 28, 2017) (allegation of trial counsel's ineffective assistance did not "present[ a] valid reason, much less . . . [an] 'extraordinary circumstance' for not asserting [the] claim within the applicable one[-]year statute of limitations."). Accordingly, Wright has not borne his burden to establish entitlement to equitable tolling.

In summary, Wright's Motion is untimely under 28 U.S.C. § 2255(f)(1). He does not assert, and the Court cannot discern, any fact that would provide a later triggering date for the one-year statute of limitations under any other subsection of § 2255(f).[6] Accordingly, his Motion is untimely. Any contention that the untimeliness should be excused based on his actual innocence is meritless. Finally, he has not

---

[6] Even if this Court ignored all of the issues with the transcript, discussed above, and further assumed that the state court's determination of a Fourth Amendment violation was a "new fact," for purposes of § 2255(f)(4), *but see, e.g., Madaio v. United States,* 397 F. App'x 568, 570 (11th Cir. 2010) ("discovery of a new court legal opinion, as opposed to new factual information affecting the claim, does not trigger the limitations period," pursuant to § 2255(f)(4)), that determination would not alter the running of the one-year period. Wright, assuming that he is "McKinney," knew about the state court's determination no later than the June 8, 2016 hearing when the state court excluded the evidence. *See* doc. 125-1 at 2. Section 2255(f)'s one-year period runs from "the latest of" the dates identified in subsections (1)-(4). As discussed above, the finality of this Court's judgment, pursuant to § 2255(f)(1), provides a later starting date for the one-year period than June 8, 2016. Even supposing the state court's determination *could* provide a basis to trigger the one-year period under § 2255(f)(4), the later date provided by § 2255(f)(1) would, therefore, still control.

shown any other basis for equitable tolling. Accordingly, his Motion should be **DENIED** as untimely. Doc. 125.

## CONCLUSION

Thus, Wright's motion should be **DENIED**, doc. 125, and that civil action CV421-297 should be **DISMISSED** in its entirety. Applying the Certificate of Appealability (COA) standards set forth in *Brown v. United States*, 2009 WL 307872 at * 1–2 (S.D. Ga. Feb. 9, 2009), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue either. 28 U.S.C. § 2253(c)(1); Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant") (emphasis added).

This report and recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time

to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendation pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO ORDERED AND REPORTED AND RECOMMENDED**, this 19th day of July, 2022.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA