UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

ZICRON LORENZEN WRIGHT, )
                         )
    Movant,              )
                         )
v.                       )          CV421-297
                         )          CR415-096
UNITED STATES OF         )
AMERICA,                 )
                         )
    Respondent.          )

## ORDER

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation, CR415-096, doc. 132; CV421-297, doc. 2, to which objections have been filed, CR415-096, doc. 137; CV421-297, doc. 5.[1]  Accordingly, Wright's objections are **OVERRULED** and the Report and Recommendation of the Magistrate Judge is **ADOPTED** as the opinion of the Court.  For the reasons explained more fully below, Wright's Motions to amend his § 2255 motion are **DENIED**. Docs. 6 & 7.

---

[1] The Court cites to the docket in CV421-297 unless otherwise noted.

The Magistrate Judge identified two grounds for relief asserted in Wright's § 2255 Motion; that this Court lacked jurisdiction over his prosecution and that his trial counsel provided ineffective assistance. *See* doc. 2 at 2. The Magistrate Judge recommended that Wright's Motion be dismissed as untimely. *Id.* at 4. He went on to consider "several possible arguments implicating timeliness." *Id.* He concluded that nothing in the Court's prior Order, cited by Wright, affected the applicable limitations period, *id.* at 4-5, that Wright's possible assertion of "actual innocence" was insufficient to excuse his Motion's untimeliness, *id.* at 5-9, and that Wright had not asserted any basis to equitably toll the applicable limitations period, *id.* at 9-11.

Wright objected to the Magistrate Judge's recommendation. *See* doc. 5. He urges the argument, considered by the Magistrate Judge, that a state-court's suppression of evidence constituted "new evidence." *See* doc. 5 at 1-2. He also responds to the Magistrate Judge's notation of ambiguities in the state court's suppression by explaining that the ammunition he was convicted of possessing in this Court was contained in the firearm suppressed by the state court. *Id.* at 3-4. Finally, he responds to the Magistrate Judge's conclusion that his Motion is

untimely by "sending an attachment showing Wright's placement to the federal facility where he was able to use the law books that is needed to sup[p]ort what little help that he can get." *Id.* at 4. A copy of a memorandum from a Bureau of Prisons employee is attached. *Id.* at 6.

As the Magistrate Judge explained, and Wright does not dispute, his conviction became final on March 21, 2019. Doc. 2 at 4. The one-year statute of limitations ran out, therefore, on March 23, 2020. *Id.* (citing 28 U.S.C. § 2255(f)(1); Fed. R. Civ. P. 6(a)(1)(C)). The instant Motion, filed on October 5, 2021, was, therefore, "more than eighteen months too late." *Id.* As the Magistrate Judge explained, there is no explicit—and, indeed, no plausible—argument that the state court's suppression of the firearm alters the application of the statute of limitations. *See* doc. 2 at 6-9. That analysis is not undermined or altered by Wright's objection or explanation of the ambiguities noted by the Magistrate Judge. *Compare id.* at 8 n. 5, *with* doc. 5 at 3-4. As the Magistrate Judge explained, "[e]ven assuming that [the state-court's suppression] had the jurisdictional significance that Wright asserts—and it is not at all clear that it does—lack of jurisdiction does not amount to 'actual innocence,' for purposes of avoiding § 2255(f)'s

3

limitation." Doc. 2 at 6 (citing, *inter alia.*, *Williams v. United States*, 383 F. App'x 927, 929-30 (11th Cir. 2010)).

Wright's final objection, charitably construed, asserts that his Motion was untimely because of difficulties in his access to legal materials, as a result of his incarceration and COVID-19 restrictions. *See* doc. 5 at 4, 6 (noting "Covid-19 . . . has limited access to the legal library."). Those allegations implicate an assertion that the limitations period should be equitably tolled. Section 2255(f)'s limitations period "can be equitably tolled where a [movant] untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence." *Kicklighter v. United States*, 281 F. App'x 926, 930 (11th Cir. 2008) (internal citation and quotations omitted). Limited legal education and access to legal research materials are not sufficient to warrant equitable tolling. *See, e.g.*, *Moore v. Frazier*, 605 F. App'x 863, 868 (11th Cir. 2015)[2] ("[W]e have not accepted a lack of a legal education as an excuse for a failure to file in a timely fashion." (citation omitted)); *Prejean v. United States*, 2022 WL

---

[2] The Eleventh Circuit has "determined that cases interpreting the equitable tolling of the statute of limitations in 28 U.S.C. § 2244 are equally valid in § 2255 cases." *Jones v. United States*, 304 F.3d 1035, 1037 n. 4 (11th Cir. 2002) (internal quotation marks and citations omitted).

16708242, at *3 (N.D. Ga. Nov. 3, 2022) ("The Eleventh Circuit has held that prison lockdowns and restricted access to a law library do not constituted extraordinary circumstances to warrant equitable tolling." (citations omitted)). Wright's Objection, therefore, fails to establish any basis to equitably toll the statute of limitations.

Wright has also filed two motions to amend. *See* docs. 6 & 7. His first Motion challenges the sufficiency of the evidence presented at his trial. *See* doc. 6 at 2. He first contends that the evidence supporting his conviction for possession of ammunition by a convicted felon was insufficient because "the evidence [*i.e.*, the ammunition] was found behind a house in which the address was wrong until the day at trial." *Id.* Second, he contends that the evidence was insufficient because "the arresting officer stated . . . at trial that he never [saw] Wright in possession of a firearm . . . ." *Id.* To the extent that Wright seeks to amend his Motion to add claims concerning the sufficiency of the evidence against him, such an amendment would be futile.[3] *See, e.g.,*

---

[3] Even if the proposed additional grounds were not untimely, there appear to be other defects that might render amendment futile. Among the most obvious is that they are procedurally defaulted. Wright appealed his sentence but did not challenge the sufficiency of the evidence for his conviction. *See United States v. Wright*, 745 F. App'x 889, 889 (11th Cir. 2018); *see also* CR415-096, doc. 98 (S.D. Ga. Dec. 21, 2018). As the Eleventh Circuit has explained, "[i]f a defendant fails to raise

*Harden v. United States*, 2011 WL 3877072, at *1 (S.D. Ga. Aug. 31, 2011) ("Petitioner's proposed amendment is futile in that his § 2255 motion would be subject to denial even if the amendment were permitted."). As the Magistrate Judge explained, Wright's original Motion was untimely, *see* doc. 2 at 4 ("The deadline for filing his [§ 2255] motion was . . . on March 23, 2020."). Any additional claim, filed in August 2022, is no less untimely. *See* doc. 6. His Motion to Amend is, therefore, **DENIED**. Doc. 6; *see, e.g., Terry v. United States*, 2020 WL 4977478, at *2 (11th Cir. Aug. 19, 2020) ("[T]he district court properly denied [Movant] leave to amend his § 2255 motion because the claims he sought to add would have been futile . . . .").

Wright's second Motion to Amend is inscrutable. It proposes to add a ground, which states, unedited and in its entirety: "Petitioner Zicron Lorenzen Wright shows upon the docket information sheet . . . (11/25/2015 <u>44</u>; Order Vacating <u>39</u> Order on Motion to Dismiss

---

an issue on direct appeal, he may not present the issue in a § 2255 proceeding unless his procedural default is excused. [Cit.] To overcome a procedural default, a defendant must show either (1) cause and prejudice, or (2) a miscarriage of justice, or actual innocence." *Seabrooks v. United States*, 32 F.4th 1375, 1384 (11th Cir. 2022). His Motion to Amend does not assert any fact which could overcome the procedural default. *See generally* doc. 6. Since the additional grounds are untimely, however, the Court need not reach any definitive conclusion on whether amendment to add the additional grounds would be futile because they are procedurally defaulted.

Indictment. Case # 415-096." Doc. 7 at 1. The Order Wright cites simply notes that the former Magistrate Judge mistakenly dismissed one of his motions as moot. *See* CR415-096, doc. 44 (S.D. Ga. Nov. 25, 2015). The undersigned subsequently denied the motion as procedurally defective and substantively meritless. *See* CR415-096, doc. 46 (S.D. Ga. Nov. 30, 2015). Wright's vague reference of the Magistrate Judge's corrective order, without any explanation, is insufficient to state a ground for relief pursuant to § 2255. *See, e.g., Borden v. Allen*, 646 F.3d 785, 810 (11th Cir. 2011); *Barrero v. United States*, 2016 WL 1254428, at *4 (S.D. Ga. Mar. 29, 2016), *adopted* 2016 WL 1451539 (S.D. Ga. Apr. 12, 2016). Any amendment to add such a claim would be futile. *See, e.g., Harden*, 20111 WL 3877072, at *1. Wright's Motion is, therefore, **DENIED**. Doc. 7; *see also Terry*, 2020 WL 4977478, at *2.

In summary, the Court **ADOPTS** the Magistrate Judge's Report and Recommendation. CR415-096, doc. 132; CV421-297, doc. 2. Wright's § 2255 Motion is **DENIED** as untimely. CR415-096, doc. 125; CV421-297, doc. 1. His Motions to Amend are **DENIED** as futile. CR415-096, docs. 138 & 139; CV421-297, docs. 6 & 7. The Clerk is

**DIRECTED** to **CLOSE** civil action CV421-297 and enter the appropriate judgment of dismissal.

Further, a prisoner seeking relief under 28 U.S.C. § 2255 must obtain a certificate of appealability ("COA") before appealing the denial of his application for writ of habeas corpus. 28 U.S.C. § 2253(c)(1)(B). This Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a) to the Rules Governing Section 2255 Proceedings. This Court should grant a COA only if the prisoner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). For the reasons set forth in the Report and Recommendation, and in consideration of the standards enunciated in *Slack v. McDaniel*, 529 U.S. 473, 482-84 (2000), movant has failed to make the requisite showing. Accordingly, a COA is **DENIED** in this case.[4] Moreover, because there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. Accordingly, movant is not entitled to appeal *in forma pauperis*. See 28 U.S.C. § 1915(a)(3).

---

[4] "If the court denies a certificate, [a party] may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." Rule 11(a) to the Rules Governing Section 2255 Proceedings.

8

SO ORDERED this __13__ day of December, 2022.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA